IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

```
STEVEN L. WALDENBURG,            )
                                 )
Plaintiff,                       )
                                 )
     vs.                         )        NO. 3:08-CV-187
                                 )
BILL WILSON, et al.,             )
                                 )
Defendants.                      )
```

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. Section 1915A. For the reasons set forth below, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

BACKGROUND

Pro se Plaintiff, Steven Waldenburg ("Waldenburg"), who is currently confined at the Miami Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983, alleging the violation of his federally protected rights while he was confined at the Westville Correctional Facility. Waldenburg alleges that the defendants violated his federally protected rights and state law.

DISCUSSION

Pursuant to § 1915A(a), the court must review the merits of a civil complaint in which a prisoner seeks redress from a

1

governmental entity or officer or employee of a governmental entity and dismiss it if the action is frivolous or malicious, does not state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. The defendants in this case are governmental officers.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that does not state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise

> a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Waldenburg states that on December 3, 2006, he was returning to his dorm from the dining room. He asserts that he stepped in a large pool of water that was leaking from the steam room and that he slipped and fell. While he was falling, Waldenburg alleges that he grabbed an unsecured gate, which slammed shut "doing serious irreversible damage to his left hand" (Complaint at p. 5), which is his dominant hand.

Waldenburg brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally

3

secured rights by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

Mr. Waldenburg alleges he injured himself when he slipped on a pool of water on the floor. Section 1983 was intended to protect only rights guaranteed by federal law, and not to create tort claims for which there are adequate remedies under state law. *Wright v. Collins*, 766 F.2d. 841, 849 (4th Cir. 1985). Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). That prison officials allow a pool

4

of water to collect on the floor does not constitute obduracy and wantonness on their part, or pose a serious risk to prisoners' welfare. "Slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment." *Reynolds v. Powell*, 370 F.3d 1028, (10th Cir. 2004). The Indiana tort claims act, Ind. Code § 34-13-3, provides a sufficient remedy for tort injuries, *Wilson v. Civil Township of Clayton*, 839 F.2d 375 (7th Cir. 1988), and Indiana prisoners may sue the state and its officials for injuries resulting from the negligence of state employees after filing a notice of tort claim pursuant to the Indiana Tort Claims Act.

Waldenburg is aware of his state law claims because he asks the court to assume "supplemental jurisdiction of plaintiff's claims under Indiana law." (Complaint at p. 4). Pursuant to 28 U.S.C. § 1367, which codified the pendent jurisdiction doctrine, federal courts, unless otherwise provided by statute, "have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy." But federal courts generally should relinquish supplementary jurisdiction over state law claims when all federal claims are dismissed before trial. See 28 U.S.C. § 1367(c)(3). Because it is dismissing Waldenburg's federal claims, the court declines to exercise supplemental jurisdiction over his state law claims. That Waldenburg has no federal law claims against the

5

defendants, does not mean that he may not pursue his state law claims in state court, so the court will dismiss this case without prejudice to his ability to bring his claims in an appropriate state court.

CONCLUSION

For the foregoing reasons, the court **DENIES** the plaintiff leave to proceed against the defendants and **DISMISSES** this cause of action pursuant to 28 U.S.C. § 1915A(b)(1), without prejudice to the plaintiff's right to bring his claims in an appropriate state court.

**DATED: May 22, 2008**                /S/RUDY LOZANO, Judge
                                **United States District Court**